# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BARBARA TORREY, Ohio consumer, individually and on behalf of all others similarly situated, 17604 Eastbrook Trail Chagrin Falls, OH 44023 | CASE NO. |
| Plaintiffs, | |
| vs. | JUDGE: |
| EQUIFAX INFORMATION SERVICES c/o Corporation Service Company 50 W. Broad Street, Suite 1330 Columbus, OH 43215 | **CLASS ACTION COMPLAINT** **(Jury Demand Endorsed Hereon)** |
| Defendant. | |

Now comes Plaintiff, Barbara Torrey, an Ohio consumer, individually and on behalf of all others similarly situated, and for her complaint against Defendant Equifax, states as follows:

## **PARTIES**

1. At all times relevant, Plaintiff Barbara Torrey, individually and as Ohio Class representative, is an individual residing in the State of Ohio.

2. Defendant Equifax Information Services, LLC is a multi-billion dollar Georgia corporation that provides credit information services to millions of businesses, governmental units, and consumers across the globe. Equifax operates through various subsidiaries including Equifax Information Services, LLC and Equifax Consumer Services, LLC aka Equifax Personal Solutions aka PSOL. Each of these entities acted as agents of Equifax or in the alternative, acted in concert with Equifax as alleged in this complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, as this case alleges a violation of federal law, specifically the Fair Credit Reporting Act, 15 U.S.C. 1681. Venue is proper in this division.

## STATEMENT OF FACTS

4. Plaintiff files this complaint as an Ohio Class Action on behalf of the Ohio residents harmed by Equifax's failure to adequately protect their credit and personal information. This complaint requests Equifax provide fair compensation in an amount that will ensure every consumer harmed by its data breach will not be out-of-pocket for the costs of independent third-party credit repair and monitoring services. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

5. Equifax collected and stored personal and credit information from Ms. Torrey and Ohio Class members, including their social security numbers, birth dates, home addresses, driver's license information, and credit card numbers.

6. Equifax owed a legal duty to consumers like Ms. Torrey to use reasonable care to protect their credit and personal information from unauthorized access by third parties. Equifax knew that its failure to protect Ms. Torrey's credit and personal information from unauthorized access would cause serious risks of credit harm and identity theft for years to come.

7. On July 29, 2017, Equifax discovered that hackers had gained access to company data that potentially compromised sensitive information for 143 million American consumers.

8. On September 7, 2017, Equifax announced for the first time that from May to July, 2017, its database storing Ms. Torrey's credit and personal information had been hacked by unauthorized third parties, subjecting Ms. Torrey to credit harm and identity theft.

9. In an attempt to increase profits, Equifax negligently failed to maintain adequate technological safeguards to protect Ms. Torrey's information from unauthorized access by hackers. Equifax knew and should have known that failure to maintain adequate technological safeguards would eventually result in a massive data breach. Equifax could have and should have substantially increased the amount of money it spent to protect against cyber-attacks but chose not to.

10. As a result of Defendant's failure to implement and follow basic security procedure, the sensitive information of approximately 143 million American consumers is now in the hands of hackers.

11. Plaintiff and Ohio Class Members now face a substantially increased risk of additional instances of identity theft and resulting losses, if not additional acts of identity theft and resulting losses.

## CLASS ALLEGATIONS

12. Plaintiff files this complaint as an Ohio class action lawsuit. The Ohio Class consists of Ohio consumers who:

   a) Had personal or credit data collected and stored by Equifax in the past year, and

   b) Who were subject to risk of data loss and credit harm and identity theft or had to pay for third-party credit monitoring services as a result of Equifax's negligent data breach from May to July 2017.

13. Excluded from the class are all attorneys for the class, officers and members of Equifax, including officers and members of any entity with an ownership interest in Equifax, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

14. Every aggrieved Ohio consumer suffered injuries as alleged in this complaint directly and proximately caused by Equifax's negligent failure to adequately protect its database from unauthorized access by third-party hackers.

15. The class is so numerous that joinder is impracticable. Upon information and belief, the Ohio Class alone includes millions of consumers based on Equifax's estimate that its data breach affected143 million consumers nationwide.

16. Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether Plaintiff and the Ohio Class members are entitled to equitable relief, whether Equifax acted negligently, and whether Plaintiff and the Ohio Class members are entitled to recover money damages

17. Plaintiff's claims are typical of the claims of the Ohio Class because each suffered risk of loss and credit harm and identity theft caused by Equifax's negligent failure to safeguard their data, the injuries suffered by Plaintiff and the Ohio Class members are identical, and plaintiffs' claims for relief are based upon the same legal theories as are the claims of the other class members. Plaintiff will fairly and adequately protect and represent the interests of the class because her claims are typical of the claims of the Ohio Class, they are represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the Ohio Class.

18. A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because Plaintiff and their attorneys will vigorously pursue the claims. The forum is desirable because a large percentage of consumers in Ohio who suffered injury caused by Equifax's negligence

reside in the Northeast Ohio area. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by Equifax. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of defendant's consumer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF STATE CONSUMER LAWS

19. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-18, as if fully set forth therein.

20. Equifax's failure to maintain adequate computer systems and data security practices to safeguard customers' personal and financial information, Equifax's failure to disclose the material fact that Equifax's computer systems and data security practices were inadequate to safeguard customers' personal and financial data from theft, Equifax's failure to disclose in a timely and accurate manner to Consumer Plaintiff and members of the Ohio Class the material fact of the Equifax data security breach, and Equifax's continued acceptance of Consumer Plaintiffs' and Class members' credit and debit card and other personal information after Equifax knew or should have known of the data breach and before it purged its systems of the hackers' malware, constitutes unfair, deceptive, fraudulent, unconscionable and/or unlawful acts or practices.

21. By engaging in such conduct and omissions of material facts, Equifax has violated state consumer laws, including The Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §1345.02(A) and (B)(1) and (2), et seq.

22.  Damages include: a) theft of their personal and financial information; b) costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts; c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate and mitigate the actual and future consequences of the Equifax data breach; d) ) the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their credit card and personal information being placed in the hands of criminals; e) damages to and diminution in value of their personal and financial information; and f) the continued risk to their personal information.

## COUNT II
## NEGLIGENCE

23.  Plaintiff and the Ohio Class reallege and incorporate by reference the allegations contained in Paragraphs 1-22, as if fully set forth therein.

24.  Equifax owed a duty to Plaintiff and members of the Ohio Class to exercise reasonable care in obtaining, retaining, securing, safeguarding, and protecting their personal and financial information in its possession from being compromised, lost, stolen, accessed and misused by unauthorized persons.  This duty included, among other things, designing, maintaining, and testing Equifax's security systems to ensure that Plaintiff's and Class members' personal and financial information in Equifax's possession was adequately secured and protected.  Equifax further owed a duty to Plaintiff and Ohio Class members to implement processes that would detect a breach of its security system in a timely manner and to timely act upon warnings and alerts, including those generated by its own security systems.

25.  Equifax owed a duty of care to Plaintiff and Ohio Class members because they were foreseeable and probable victims of any inadequate security practices.

6

26. Equifax owed a duty to Plaintiff and members of the Ohio Class to provide security, including consistent with industry standards and requirements, to ensure that its computer systems and networks, and the personnel responsible for them, adequately protected the personal and financial information.

27. Equifax knew, or should have known, of the risks inherent in collecting and storing the personal and financial information of Plaintiff and members of the Ohio Class and of the critical importance of providing adequate security of that information.

28. Equifax could have easily prevented this data breach from ever occurring. Equifax failed to take adequate and reasonable measures to ensure its data systems were protected against theft, ignored warnings and previous indications that hackers had breached its systems and failed to take actions that could have stopped the breach. Equifax failed to disclose to its consumers that its computer systems and security practices were inadequate to reasonably safeguard customers' personal and financial information and failed to immediately and accurately notify its customers of the data breach. As a direct result of Equifax's conduct, Plaintiff and members of the Ohio Class were injured.

29. Equifax was at all times fully aware of its obligations under the law and various standards and regulations to protect data entrusted to it by consumers.

30. Equifax breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of data loss and credit harm and identity theft and other economic losses, in amounts to be decided by the jury.

31. But for Equifax's wrongful and negligent breach of its duties owed to Plaintiff and members of the Ohio Class, their personal and financial information would not have been compromised.

## COUNT III
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")

32. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-31, as if fully set forth therein.

33. As individuals, Plaintiff and Ohio Class member are consumers entitled to the protections of the FCRA. 15 U.S.C. § 1681a(c).

34. Under the FCRA, a "consumer reporting agency" is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f).

35. Equifax is a consumer reporting agency under the FCRA because, for monetary fees, it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

36. As a consumer reporting agency, the FCRA requires Equifax to "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e(a).

37. Under the FCRA, a "consumer report" is defined as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's

credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for -- (A) credit . . . to be used primarily for personal, family, or household purposes; . . . or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d)(1). The compromised data was a consumer report under the FCRA because it was a communication of information bearing on Class members' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used, or expected to be used or collected in whole or in part, for the purpose of serving as a factor in establishing the Class members' eligibility for credit.

38. As a consumer reporting agency, Equifax may only furnish a consumer report under the limited circumstances set forth in 15 U.S.C. § 1681b, "and no other." 15 U.S.C. § 1681b(a). None of the purposes listed under 15 U.S.C. § 1681b permit credit reporting agencies to furnish consumer reports to unauthorized or unknown entities, or computer hackers such as those who accessed the Ohio Class members' personal information. Equifax violated § 1681b by furnishing consumer reports to unauthorized or unknown entities or computer hackers, as detailed above.

39. Equifax furnished the Ohio Class members' consumer reports by disclosing their consumer reports to unauthorized entities and computer hackers; allowing unauthorized entities and computer hackers to access their consumer reports; knowingly and/or recklessly failing to take security measures that would prevent unauthorized entities or computer hackers from accessing their consumer reports; and/or failing to take reasonable security measures that would prevent unauthorized entities or computer hackers from accessing their consumer reports.

40. Equifax also acted willfully and recklessly because it knew or should have known about its legal obligations regarding data security and data breaches under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. See, e.g., 55 Fed. Reg. 18804 (May 4, 1990), 1990 Commentary On The Fair Credit Reporting Act. 16 C.F.R. Part 600, Appendix To Part 600, Sec. 607 2E. Equifax obtained or had available these and other substantial written materials that apprised them of their duties under the FCRA. Any reasonable consumer reporting agency knows or should know about these requirements. Despite knowing of these legal obligations, Equifax acted consciously in breaching known duties regarding data security and data breaches and depriving Plaintiff and other members of the Ohio Classes of their rights under the FCRA.

41. Equifax's willful and/or reckless conduct provided a means for unauthorized intruders to obtain and misuse Plaintiff and the Ohio Class' personal information.

42. Plaintiff and the Ohio Class members have been damaged by Equifax's willful or reckless failure to comply with the FCRA. Therefore, Plaintiff and each of the Ohio Class members are entitled to recover "any actual damages sustained by the consumer . . . or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A).

43. Plaintiff and the Ohio Class members are also entitled to punitive damages, costs of the action, and reasonable attorneys' fees. 15 U.S.C. § 1681n(a)(2) & (3).

## COUNT IV
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

44. Plaintiffs incorporate and reallege Paragraphs 1 through 43 as if fully set forth herein.

45. Equifax was negligent in failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes outlined under section 1681b of the

FCRA. Equifax's negligent failure to maintain reasonable procedures is supported by, among other things, former employees' admissions that Equifax's data security practices have deteriorated in recent years, and Equifax's numerous other data breaches in the past. Further, as an enterprise claiming to be an industry leader in data breach prevention, Equifax was well aware of the importance of the measures organizations should take to prevent data breaches, yet failed to take them.

46. Equifax's negligent conduct provided a means for unauthorized intruders to obtain Plaintiff and the Ohio Class members' personal information and consumer reports for no permissible purposes under the FCRA.

47. Plaintiff and the Ohio Class members have been damaged by Equifax's negligent failure to comply with the FCRA. Therefore, Plaintiff and each of the Ohio Class members are entitled to recover "any actual damages sustained by the consumer." 15 U.S.C. § 1681o(a)(1).

48. Plaintiff and the Ohio Class members are also entitled to recover their costs of the action, as well as reasonable attorneys' fees. 15 U.S.C. § 1681o(a)(2).

## COUNT V
## BREACH OF IMPLIED CONTRACT

49. Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-48, as if fully set forth therein.

50. When Plaintiff and members of the Ohio Class provided their financial and personal information to Equifax in order for Equifax to store and provide credit information, Plaintiff and members of the Ohio Class entered into implied contracts with Equifax pursuant to which Equifax agreed to safeguard and protect such information and to timely and accurately notify Plaintiff and Class members that their data had been breached and compromised.

51. Equifax solicited and invited Plaintiff and members to use their services. Plaintiff and members of the Ohio Class accepted Equifax's offers and used the credit monitoring service during the period of the Equifax data breach.

52. Plaintiff and class members would not have provided and entrusted their financial and personal information to Equifax in the absence of the implied contract between them and Equifax.

53. Plaintiff and members of the Ohio Class fully performed their obligations under the implied contracts with Equifax.

54. Equifax breached the implied contracts it made with Plaintiff and Ohio Class members by failing to safeguard and protect the personal and financial information of Plaintiff and members of the Ohio Class and by failing to provide timely and accurate notice to them that their personal and financial information was compromised in and as a result of Equifax data breach.

55. The losses and damages sustained by Plaintiff and Class members as described herein were the direct and proximate result of Equifax's breaches of the implied contracts between Equifax and Plaintiff and members of the Ohio Class.

WHEREFORE, Plaintiff respectfully requests the following:

a. For an Order certifying the Ohio Class, as defined herein, and appointing Plaintiff and their Counsel to represent the Ohio Class, or in the alternative the separate Statewide Classes;

b. Damages against Defendant in an amount to be determined by the jury for compensatory damages, plus attorneys fees, interest, costs, and punitive damages and any and all other relief the court deems fair and equitable.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ William J. Novak
WILLIAM J. NOVAK (0014029)
**NOVAK, LLP**
Hoyt Block Building
700 West St. Clair Ave., Ste. 418
Cleveland, Ohio 44113
Telephone: (216) 781-8700
Facsimile: (216) 781-9227
Email: william@novak-law.com

/s/ James B. Rosenthal
James B. Rosenthal (0062872)
Joshua R. Cohen (0032368)
Ellen M. Kramer (0055552)
Jason R. Bristol (0072989)
jbr@crklaw.com
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
216-781-7956 [Telephone]
216-781-8061 [Facsimile]